IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AHMED S. SHABAZZ, | § | |
|  Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4058 |
| | § | |
| JAMES A. NEWSOM, *et al.*, | § | |
|  Defendants. | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court are several Motions to Dismiss, filed by Defendants Anne Sears; Munisteri, Sprott, Rigby, Newsom & Robbins, P.C. ("Munisteri Sprott"); James A. Newsom; Reginald E. McKamie, Sr.[1]; Daryl Smith[2]; Anita Navarro; and, collectively, State Farm Lloyds[3] and Susan Butcher (collectively, "State Farm")[4]

---

[1]   McKamie's Motion to Dismiss [Doc. # 25] includes a Motion to Adopt the arguments raised by Defendants Sears, Munisteri Sprott, and Newsom in their (identical) motions to dismiss [Docs. # 17, # 20, and # 22, respectively]. McKamie's Motion to Adopt is granted.

[2]   In filing suit, Plaintiff misspelled Daryl Smith's name as "Darryl Smith."

[3]   Plaintiff incorrectly named "State Farm Insurance Companies" in this suit. The correct entity is "State Farm Lloyds."

[4]   Plaintiff objects to State Farm's Motion as being untimely filed. State Farm timely filed its answer and included failure to state a claim as an affirmative defense. Four days later, it filed the pending Motion to Dismiss. Federal Rule of Civil Procedure 12(b) states that a motion regarding a defense subject to Rule 12, such as "failure to state a claim upon which relief can be granted," "shall be made before pleading." FED. R. CIV. P. 12(b). Rule 12(h) provides, however, that a such a claim, if included as a defense in an Answer, may be raised by motion as late as during trial. FED. R.
(continued...)

[Docs. # 17, # 20, # 22, # 25, # 35, # 37, and # 38, respectively]. Plaintiff Ahmed S. Shabazz, a/k/a Clarence M. Hines ("Shabazz"), proceeding *pro se*, has responded [Docs. # 44, # 50, # 51, # 41, # 43, # 55, and # 42, respectively]. Defendants Sears, Munisteri Sprott, Newsom, and State Farm have replied [Docs. # 54, # 52, # 53, and # 56] and Shabazz has filed two surreplies [Docs. # 57 (replying to Sears, Munisteri Sprott, and Newsom, collectively) and # 58 (replying to State Farm)] Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that each Motion to Dismiss should be **granted**.

## I.   BACKGROUND

In July 2003, Shabazz sued Defendant Daryl Smith in state court in Fort Bend County, Texas, for damages arising out of an alleged dog bite suffered by Shabazz and caused by Smith's dogs.[5] Smith was insured by Defendant State Farm Lloyds, which exercised its duty to defend Smith in the suit. Both Smith and State Farm—through Defendant Butcher—appeared in the Fort Bend lawsuit and were represented by

---

[4]   (...continued)
CIV. P. 12(h). Therefore, the Court deems State Farm's motion timely filed and properly before the Court. *See, e.g.*, *Quintanilla v. K-Bin, Inc.*, 993 F. Supp. 560, 562 (S.D. Tex. 1998); *see also Delhomme v. Caremark RX, Inc.*, 232 F.R.D. 573, 577 (N.D. Tex. Nov. 1, 2005) (Buchmeyer, J.).

[5]   Shabazz claims that Smith is a police officer with the Missouri City Police, but there is no allegation that the dog bite at issue in the Fort Bend case was in any way related to Smith's employment.

Defendant law firm Munisteri Sprott attorneys, Defendants Newsom and Sears. Defendant McKamie initially represented Shabazz, but withdrew as counsel before the Fort Bend case was over.

Shabazz alleges that approximately ten days after McKamie's request to withdraw from the case was granted by the state court, Newsom filed a motion for summary judgment and conspired with the other Defendants in this case to send the summary judgment motion to McKamie's address and/or to Shabazz's old address, rather than to Shabazz's then-current address, as required by the court order granting McKamie's withdrawal.[6] Shabazz alleges that this alleged conspiracy was designed to prevent Shabazz from obtaining notice of the motion, which was subsequently

---

[6] *See* Plaintiff's Amended Complaint [Doc. # 4], at Exh. B: "Order Granting Motion for Withdrawal of Counsel." The Order states that "all notices in this cause shall hereafter be served on Plaintiff[,] either delivered in person or sent by certified and first class mail to the address in the motion [for withdrawal]." McKamie's Motion for Withdrawal lists Shabazz's address as a post office box. *See* Plaintiff's Response to Defendant Reginald E. McKamie's Motion to Dismiss [Doc. # 41], Exh. A: "Motion for Withdrawal of Counsel." Apparently, Shabazz listed a different address —a street address in Houston—at the inception of the state lawsuit, which was the address that documents were mailed to after McKamie's withdrawal. *See* Amended Complaint [Doc. # 4], Exh. C: "Motion for Summary Judgment: Certificate of Service"; Exh. D: "Motion for Summary Judgment: Cover Letter." There is nothing in the documents attached to Shabazz's Complaint, or his submissions in response to the motions to dismiss, indicating that documents related to the state court suit were also mailed to McKamie after he ceased representing Shabazz. However, because one of McKamie's associates remained, perhaps incorrectly, as Shabazz's attorney of record on the state court docket, Defendant Navarro did mail a copy of the Final Judgment in the state court case to her. *See* Defendant Anita Navarro's Motion to Dismiss [Doc. # 37], at 2–3.

granted in November 2005 after Shabazz failed to respond or appear for a scheduled oral argument on the motion. Shabazz further asserts that Defendant Navarro, the Deputy District Clerk for the Fort Bend County court, "improperly and illegally" sent notice that summary judgment had been granted, and final judgment entered, to McKamie, who "continued the conspiracy" when he did not forward to Shabazz all the documents he received after his withdrawal from the case.

Shabazz then filed this suit, alleging claims arising under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Specifically, Shabazz claims that:

> Defendant, attorney James A. Newsom's actions were deliberate and intentional in depriving Plaintiff of Due Process through the Due Course of Justice and Equal Protection of the Laws and by do-so violated Plaintiff's rights, 7th amendment and 14th amendment. All of the named Defendants in this complaint/lawsuit, participated in some form or fashion in depriving Plaintiff, Ahmed S. Shabazz of rights entitled to his person. 14th Amendment & 7th Amendment.[7]

He seeks in excess of $70,000,000 in damages.

## II.  STANDARDS OF LAW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally

---

[7]  Plaintiff's Amended Complaint [Doc. # 4], at 10 (reprinted exactly as submitted). (Plaintiff's complaint is not separately paginated. All page references are to the page numbers applied by the Court's electronic docketing system.)

construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* Moreover, a complaint brought by a *pro se* plaintiff "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.")); *see also Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

A claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). Thus, where a complaint shows on its face that it is barred by an affirmative defense, it may be dismissed for failure to state a cause of action. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 872–73 (W.D. Tex. 2001).

Ordinarily, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings . . . ." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However "documents whose contents are alleged in a complaint and whose authenticity no party questions" may

be considered on a motion to dismiss.  *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

### III.   ANALYSIS

#### A.   42 U.S.C. § 1985

In the caption of his Amended Complaint, Shabazz cites both 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  Although Shabazz does not cite facts in the body of his Complaint directed specifically towards his § 1985 claim, given the facts alleged, the Court presumes Shabazz intends to plead a violation of subsection (3) of this statute. To state a claim under § 1985(3), a complainant must allege:

> (1) a conspiracy of two or more persons; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons equal protection of the laws . . . ; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States.

*Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987).  "Essential to the claim, however, is that the conspiracy be motivated by racial animus."  *Word of Faith World Outreach Ctr. Church v. Sawyer*, 90 F.3d 118, 124 (5th Cir. 1996) (citing *Green v. State Bar of Tex.*, 27 F.3d 1083, 1088 n.8 (5th Cir. 1994); *Deubert*, 820 F.2d at 757; *Rayborn v. Miss. State Bd. of Dental Exam'r*s, 776 F.2d 530, 532 (5th Cir. 1985)). Shabazz has not alleged his own race, much less that Defendants were motivated by race to engage in the conduct alleged.  Accordingly, he has failed to state

a claim for civil rights violations cognizable under 42 U.S.C. § 1985(3) and this claim is dismissed.

### B. 42 U.S.C. § 1983

#### 1. State Action

In order to recover under 42 U.S.C. § 1983, a plaintiff must prove: (1) a violation of a right secured by the Constitution and laws of the United States; and (2) that the violation was committed by a "state actor." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Thus, "Section 1983 does not reach all constitutional injuries, but only those caused by persons acting 'under color of state law.'"[8] *Earnest v. Lowentritt*, 690 F.2d 1198, 1200 (5th Cir. 1982) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978); *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974); 42 U.S.C. § 1983). "To act under color of state law for § 1983 purposes does not require . . . that the defendant be an officer of the state." *Earnest*, 690 F.2d at 1200. "Private acts or conduct may incur liability under § 1983 if the individual is a 'willful participant in joint action with the State or its agents.'" *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Mylett*

---

[8]  Municipalities and other local government bodies are "persons" within the meaning of § 1983. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 689 (1978)).

*v. Jeane*, 870 F.2d 1272, 1275 (5th Cir. 1989)). This determination "depends upon the specific facts and circumstances surrounding the challenged action." *Albright v. Longview Police Dep't*, 884 F.2d 835, 838 (5th Cir. 1989). "For the conduct of a nominally private individual or entity to meet the state action requirement, there must be a sufficiently close connection between the state and the challenged conduct for the actor to be treated as an agent of the state, or the conduct to be attributed to the state." *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1076 (5th Cir. 1985).

In the usual case, "a private party has taken the decisive step that caused the harm to the plaintiff, and the question is whether the State was sufficiently involved to treat that decisive conduct as state action." *NCAA v. Tarkanian*, 488 U.S. 179, 192 (1988). "A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). "The state's role must be active; approval or acquiescence in a private party's actions is not enough." *Id.* Accordingly, in order to proceed on a § 1983 claim against a private citizen, a plaintiff must allege, and offer specific facts in support of, an agreement between the private and public defendants to commit an illegal act that deprived the plaintiff of his constitutional rights. *See*

*Priester*, 354 F.3d at 420 (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)).

In this case, Shabazz asserts that Sears, Newsom, and McKamie are state actors because they are licensed to practice law by the State of Texas. However, merely holding a bar license does not render an attorney a state actor for purposes of § 1983. *Gipson v. Rosenberg*, 797 F.2d 224, 225 (5th Cir. 1986) (citing *Russell v Millsap*, 781 F.2d 381, 383–84 (5th Cir. 1986); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259 (5th Cir. 1976); *Givens v. Moll*, 177 F.2d 765, 767–68 (5th Cir. 1949)).

Shabazz also claims, but alleges no facts or argument to demonstrate, that Munisteri Sprott, Smith, or the State Farm Defendants qualify as state actors under § 1983. Accordingly, these Defendants are also considered private actors. In order to succeed on his § 1983 claim, Shabazz must plead facts demonstrating that these private actors were somehow acting with, or at the behest of, the State.

Assuming, as the Court must on a Motion to Dismiss, that all facts asserted by Shabazz in his Amended Complaint are true, he has failed to allege any facts suggesting that Defendants Sears, Munsteri Sprott, Newsom, McKamie, Smith, Butcher, or State Farm were "acting in concert with any state officials," when they allegedly conspired to prevent Shabazz from receiving notice that a motion for summary judgment had been filed in the Fort Bend case that required his response.

*See Earnest*, 690 F.2d at 1200 (5th Cir. 1982); *see also Priester*, 354 F.3d at 423. "If a state merely allows private litigants to use its courts, there is no state action within the meaning of § 1983 unless 'there is corruption of judicial power by the private litigant.'" *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (quoting *Earnest*, 690 F.2d at 1200). Such corruption occurs, for example, where litigants bribe a judge to obtain favorable rulings. *See Earnest*, 690 F.2d at 1200) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)). Shabazz alleges nothing suggesting such conduct by Defendants.[9]

Moreover, assuming for purposes of this discussion that Navarro, the Fort Bend County Court Clerk, is fairly described as a state actor, Shabazz has alleged no facts suggesting that Navarro affirmatively entered into an agreement with any of the other Defendants to prevent Shabazz from obtaining notice of the motion for summary

---

[9] In fact, with respect to Defendant Smith, Shabazz alleges nothing more than that Smith "became aware of the improper and illegal actions of [his] attorney" and "became aware of the final results concerning the Fort bend County lawsuit." *See* Amended Complaint [Doc. # 4], at 5. Personal involvement is an essential element to a civil rights claim. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976)). Although Shabazz argues that Smith, by hiring Defendant Newsom, "initiated the conspiracy" at issue in this case, Shabazz has failed to plead any wrongdoing by Smith cognizable under § 1983. *See* Plaintiff's Response to Defendant Daryl Smith's Motion to Dismiss [Doc. # 43], at 2. (This document is not separately paginated. All page references are to the page numbers applied by the Court's electronic docketing system.) This, in addition to his failure to plead facts demonstrating that Smith qualifies as a state actor for purposes of his civil rights causes of action, is fatal to both of Shabazz's claims against him.

judgment. "Allegations which are merely conclusory, without reference to specific facts" are insufficient to plead a § 1983 conspiracy claim. *Priester*, 354 F.3d at 420; *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Shabazz only alleges that Navarro was involved *after* the conduct he complains of was complete. Shabazz makes clear in both his Amended Complaint and his submissions regarding the pending motions to dismiss that the aim of the alleged conspiracy was for Defendants Sears, Munisteri Sprott, Newsom, McKamie, and State Farm to obtain a favorable summary judgment ruling.[10] Navarro's only alleged wrong was mailing the state court's decision and final judgment to the wrong address.[11] Indeed, despite a detailed recitation of the events leading up to this lawsuit, Shabazz

---

[10] *See* Plaintiff's Response in Opposition to Defendant Anne Sears' Motion to Dismiss [Doc. # 44], at 3; Plaintiff's Response in Opposition to Defendant Munisteri Sprott's Motion to Dismiss [Doc. # 50], at 2; Plaintiff's Response to Defendant James A. Newsom's Motion to Dismiss [Doc. # 51], at 3; Plaintiff's Response to Defendant Daryl Smith's Motion to Dismiss [Doc. # 43], at 2. (These documents are not separately paginated. All page references are to the page numbers applied by the Court's electronic docketing system.) This conclusion is further buttressed by Shabazz's assertions that Defendants conspired to deprive him of, *inter alia*, his right to a jury trial. *See* Amended Complaint [Doc. # 4], at 10; *see, e.g.*, Plaintiff's Response to Defendant Reginald E. McKamie's Motion to Dismiss [Doc. # 41], at 2, 3.

[11] *See* Amended Complaint [Doc. # 4], at 4, 9. Shabazz alleges that Navarro "knowingly and willingly violated the . . . Court Order concerning the mailing address of Plaintiff, Ahmed S. Shabazz, by forwarding the notification of the Final Summary Judgment Order . . . to the Plaintiff's former attorney's address . . . ." *Id.* at 4.

does not allege that Navarro had any contact with the other Defendants, either before or after the motion for summary judgment was filed.[12]

In the absence any allegations demonstrating a connection between the State and the private party Defendants named in this case sufficient to establish state action, Shabazz's § 1983 claim fails. *See Daigle*, 774 F.2d at 1348–49. Moreover, the Court can conceive of no set of facts that Shabazz could plead to overcome this bar to his § 1983 claim. Accordingly, this claim is dismissed.

### 2. Review of State Court Judgments and Exhaustion of State Remedies

"[A] lengthy line of decisions in [this Circuit] . . . holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Brinkmann*, 793 F.2d at 113 (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)). This is not limited to actions "which candidly seek review of the state court decree; [they extend] to others in which the constitutional claims presented [in federal court] are inextricably intertwined with the state court's grant or denial of relief." *Hale*, 786 F.2d at 691 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1982)). "Errors committed by state judges in state courts are for correction in the state court system."

---

[12]   *See id.* at 8–9; Plaintiff's Response to Defendant Anita Navarro's Motion to Dismiss [Doc. # 55], at 2–3.

*Brinkmann*, 793 F.2d at 113.  A federal district court does "not have the authority to review final state court judgments." *Matter of Reitnauer*, 152 F.3d 341, 343 n.7 (5th Cir. 1998) (citing *Feldman*, 460 U.S. at 476, 482; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)); *see also Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").

Although Shabazz couches his claims in this case in the language of federal law, he is essentially seeking review of the state court decision.  Shabazz complains that summary judgment was improperly granted as a result of Defendants' alleged conduct and that Shabazz was therefore denied his right to proceed before a jury.  Because the conduct complained of implicates the validity of the state court judgment, Shabazz must pursue relief for these alleged wrongs in state court.  Unsuccessful parties in a state court cannot reconstitute their cases as Section 1983 claims to sidestep this rule. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) ("[A] losing party in state court [is barred] from seeking what in substance would be appellate

review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights . . . ." (internal quotation marks omitted)); *Sookma v. Millard*, 151 F. App'x 299, 300–01 (5th Cir. 2005) (affirming the district court's dismissal for lack of jurisdiction of the plaintiff's federal claim alleging that defendants conspired to deprive her of her civil rights in relation to an underlying state court proceeding); *see also Liedtke v. State Bar of Tex.*, 18 F.3d 315, 318 (5th Cir. 1994).

The State of Texas provides a mechanism for relief specifically for situations such as that at issue here. A state court litigant who claims he did not receive, *inter alia*, notice of a final judgment, as required by Texas Rule of Civil Procedure 306d, may file a bill of review within four years of the date of the state court judgment to seek review of his case. *See Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240 (Tex. 1974); *Defee v. Defee*, 966 S.W.2d 719, 722 (Tex. App.—San Antonio 1998, no pet.); TEX. CIV. PRAC. & REM. CODE § 16.051. A bill of review is an equitable proceeding by which a party to a former action may—subject to certain requirements—seek to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979); *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950); *see also Caldwell v. Barnes*, 154 S.W.3d 93 (Tex. 2004).

Shabazz does not allege that he has pursued this state court remedy. Nor has he responded to arguments raised in some Defendants' Motions to Dismiss raising this point. Because the allegations raised in his Amended Complaint, and the arguments advanced in his responses and surreplies to the pending motions to dismiss suggest that he is seeking review of state court decisions, Shabazz's claims cannot be adjudicated by the federal court. Therefore, for this reason as well, Shabazz's § 1983 claim is dismissed.[13]

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Defendant Anne Sears' Motion to Dismiss [Doc. # 17] is **GRANTED**. It is further

**ORDERED** that Defendant Munisteri, Sprott, Rigby, Newsom & Robbins, P.C.'s Motion to Dismiss [Doc. # 20] is **GRANTED**. It is further

**ORDERED** that Defendant James A. Newsom's Motion to Dismiss [Doc. # 22] is **GRANTED**. It is further

**ORDERED** that Defendant Reginald E. McKamie, Sr.'s, Motion to Dismiss [Doc. # 25] is **GRANTED**. It is further

**ORDERED** that Defendant Daryl Smith's Motion to Dismiss [Doc. # 35] is

---

[13] This analysis applies with equal force to Shabazz's § 1985(3) claim.

**GRANTED**.  It is further

> **ORDERED** that Defendant Anita Navarro's Motion to Dismiss [Doc. # 37] is

**GRANTED**.  It is further

> **ORDERED** that Defendants State Farm Lloyds and Susan Butcher's Motion to Dismiss [Doc. # 38] is **GRANTED**.

A separate final judgment will be entered.

**SIGNED** at Houston, Texas, this 9th day of **May, 2008**.

_____
Nancy F. Atlas
United States District Judge